# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ROBERT VANGEL

v.  C. A. No. 15-cv-043-M-PAS

LINDA AUL, et al.,

# ORDER

Before this Court is a Complaint filed by plaintiff Robert Vangel, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, seeking declaratory and injunctive relief and damages. This Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and finds that it states a claim for which relief may be granted as to only one defendant, Ashbel T. Wall.

## A. Background

The Complaint names 11 employees of the Rhode Island Department of Corrections as defendants: Linda Aul, chief investigator;[1] Rachael Kowalski, investigator; William Begones, investigator; Alfred P. Leach, deputy warden; Matthew Kettle, warden; Ashbel T. Wall, director; James Weeden, assistant director; Ken Findlay, program facilitator; Michael B. Grant, attorney; Susan Lankins, program service officer; and "Figueiredo," investigator.

Mr. Vangel alleges that he is a "student and practicing member of the Nation of Gods and Earth (NOGE)" and that "NOGE members are commonly referred to as 'Five Percenters,' 'The

---

[1] These are the titles given to each defendant by the Mr. Vangel.

Five Percent' or 'The Five Percent Nation.'" (ECF No. 1 at 7). He asserts that the Defendants "have denied all plaintiffs in some fashion the right to practice his beliefs."[2] (*Id.*).

Mr. Vangel claims that by denying him the ability "to practice this God centered culture" (ECF No. 1 at 14), Defendants violated his rights under the First Amendment of the United States Constitution. Mr. Vangel seeks a declaratory judgment, an injunction, and compensatory and punitive damages. (*Id.* at 15-16).

## B.   Screening under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to screen complaints filed by prisoners against "a governmental entity or officer or employee of a governmental entity" and dismiss the complaint, or any portion thereof, for the same reasons as those set forth in § 1915(e)(2). 28 U.S.C. § 1915A.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same standard used when ruling on a Rule 12(b)(6) motion to dismiss. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012); *Rondeau v. New Hampshire*, 201 F.3d 428 (1st Cir. 1999) (Table). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the

---

[2] He further avers, "[t]he NOGE is best understood as a religious group although members of NOGE refrain from the term religion and consider [themselves] a culture and a way of life, a God centered culture." (ECF No. 1 at 7).

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly.*, 550 U.S. at 555). In making this determination, this Court accepts Mr. Vangel's well-pled allegations as true and "scrutiniz[es] the complaint in the light most favorable to [him]." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). Although this Court construes pleadings of a *pro se* plaintiff "liberally," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555).

## C.  Review of Claims

Here, Mr. Vangel's claims are reviewed to determine if they allege facts indicating that Defendants deprived him of a constitutional or federal statutory right.

A claim that the state has denied a prisoner his right to practice his religion may be a cognizable claim.[3] But the focus of this § 1915 review is whether Mr. Vangel has set forth sufficient factual matters as to each defendant he names, which, if accepted as true, would 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Mr. Vangel makes nothing but broad sweeping allegations about the "defendants" collectively and does not offer "sufficient factual matter" as to each of them to state a claim upon which relief can be granted. Nothing in the Complaint puts the majority of the Defendants on sufficient notice of any claim made against them specifically.

However, Mr. Vangel does state allegations about the R.I. Department of Corrections policy that he alleges violates his right to practice a religion. The claims against Defendant

---

[3] "[T]he Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 114 Stat. 803, 42 U. S. C. §2000cc *et seq.*, which prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest." Holt v. Hobbs, 574 U.S. ___, 190 L. Ed. 747, 752 (2015).

Ashbel T. Wall, Director of the Department of Corrections in his official capacity, therefore are properly pled and are allowed to proceed. The pleadings as to all other named Defendants is deficient and therefore all other Defendants, except Director Wall are hereby dismissed.[4]

**D.    Counsel Motion**

Mr. Vangel seeks appointed counsel. (ECF No. 3.) He contends that as a prisoner, he lacks the capability to prepare a proper investigation, interview witnesses, or do legal research. *Id.* However, "there is no constitutional right to appointed counsel in a civil case." *Maroni v. Pemi–Baker Reg'l Sch. Dist.*, 346 F.3d 247, 257 (1st Cir. 2003). To obtain appointed counsel, Mr. Vangel must demonstrate that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23-24 (1st Cir. 1991). To determine whether such exceptional circumstances are present, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24.

Evaluating these factors demonstrates that those exceptional circumstances are not present here. Mr. Vangel has shown a basic understanding of court procedures and the ability to express himself in writing.

**E.    IFP Motion**

Mr. Vangel seeks to proceed *in forma pauperis*. (ECF No. 2.) He has provided this Court with a copy of his Inmate Account History. (*Id.* at 4-5).

Mr. Vangel is still required to pay the statutory filing fee of $350.00 for this action. Pursuant to the Prison Litigation Reform Act, adopted April 25, 1996, and codified at 28 U.S.C.

---

[4] If Mr. Vangal wants to amend his complaint to plead properly claims against any of the dismissed Defendants, he may file an appropriate motion to amend the complaint.

§ 1915(b), a prisoner seeking to file *in forma pauperis* must pay, when funds exist, an initial filing fee of the greater of 20% of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his complaint. *See* 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly 20% of the previous month's balance in his account. *See* 28 U.S.C. § 1915(b)(2).

Mr. Vangel's average monthly balance was $98.87. Therefore, Mr. Vangel is required to pay $20 as an initial filing fee. The ACI is directed to forward to the Court each month 20% of the previous month's balance in Mr. Vangel's account every time that amount exceeds $10.00 until he has paid the entire filing fee of $350.00. Mr. Vangel shall make his initial payment within thirty (30) days of the date of this Memorandum and Order.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
February 18, 2015